WALLACE, JUDGE:
Claimant, Joseph Vielbig, III, filed this claim against the respondent in the amount of $93.25 for six books which disappeared from his office at Southern West Virginia Community College in Williamson.
According to claimant’s testimony, he took a position as professor at the college on September 1, 1978. He and another faculty member were required to share a first-floor office due to lack of space. This office had a wooden door with a lock. On November 27, 1979, the wooden door was replaced by a metal one *205 for which no keys were available. Claimant went to the individual in charge of maintenance, Mr. Ronnie Joe Blackburn, and asked about getting a key. Mr. Blackburn informed Mr. Vielbig that new locks were being ordered because an entirely new building was under construction, and all locks would be ordered accordingly.
On December 27, 1979, claimant discovered six law books missing from his office. Documents which were admitted into evidence indicated that the books had a total value of $93.25.
In order for the respondent to be held liable, it must be shown that some negligent act on the part of the respondent was the proximate cause of claimant’s damage. There is nothing in the record of this case that would indicate any negligent behavior on the part of the respondent. The claimant was fully aware that the door to his office could not be locked, and, although he made every effort to see that keys would be made available, he nonetheless left his books in the unlocked office after being told that keys were merely on order.
The Court believes, from the evidence, that the doctrine of assumption of the risk applies. To be guilty of assumption of risk, a voluntary exposure must take place. Ratcliff v. Dept. of Highways, 11 Ct.Cl. 291 (1977). Here, the claimant caused his books to be exposed to the possibility of theft. The Court realizes the difficulty claimant would have faced in moving all his possessions from the office, but a heavier burden cannot be placed upon the respondent than that of giving notice to the claimant that keys were being ordered. Having this knowledge, the claimant acted on his own in leaving his books in the unsafe place. Accordingly, this claim must be denied.
Claim disallowed.